**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01894-WJM-MEH

JOVONIE MONTEZ,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Jovonie Montez ("Plaintiff") brings this case against Defendant Allstate Fire and Casualty Insurance Company ("Defendant") claiming declaratory relief and breach of contract. (Am. Compl. (ECF No. 17).) This matter is before the Court on Defendant's Motion for Summary Judgment ("Motion"). (ECF No. 32.) Plaintiff filed a Response to the Motion (ECF No. 39), and Defendant filed a Reply (ECF No. 42). For the reasons set forth below, the Motion is granted.

## I. BACKGROUND

In March 2010, Plaintiff, then a minor, was seriously injured in a motor vehicle crash. (Am. Compl. ¶ 10.) At the time of the crash, Plaintiff and her mother, Josette Gonzales ("Gonzales"), were residing with Joseph Garcia ("Garcia"), the named insured on a motor vehicle insurance policy ("Policy") issued by Defendant that included uninsured and underinsured motorist coverage. (Am. Compl. ¶¶ 3, 11-12.) The Policy's uninsured motorist provision covered bodily injury sustained by an "insured

person," which the Policy defined as "you and any resident relative." (ECF Nos. 39-1, 32 at 3-4.) Although Gonzales and Garcia were a couple, and Garcia treated Plaintiff as his step-daughter, these relationships were not formalized through marriage or adoption. (ECF No. 32 Exs. B & C.) Defendant denied Plaintiff's claim against the Policy because it did not consider her to be Garcia's "resident relative." (ECF No. 32 at 1, Am. Compl. ¶ 13.) Plaintiff then filed an action in the District Court of Colorado, County of Denver, which Defendant removed to this Court. (ECF No. 39 at 2.)

Plaintiff filed an Amended Complaint on October 14, 2011 that brings two claims: (1) a claim for declaratory relief, requesting a declaration that Plaintiff is entitled to coverage under the Policy and that Defendant is estopped from denying that coverage, and (2) a claim for breach of contract, alleging that Defendant failed to provide Plaintiff with coverage according to the terms of the Policy. (Am. Compl. pp. 3-4.) Defendant filed the instant Motion for Summary Judgment on June 21, 2012. (ECF No. 32.) Plaintiff filed a Response in Opposition to the Motion on July 12, 2012 (ECF No. 39), and Defendant filed a Reply Brief in Support of the Motion on July 27, 2012 (ECF No. 42).

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v.*

*Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III. ANALYSIS

Defendant's Motion argues that Defendant owes no benefits to Plaintiff under the Policy because Plaintiff was neither a named insured, nor a resident relative of the named insured. (ECF No. 32 at 6-9.) Because both claims in the Amended Complaint rest on an interpretation of the Policy that finds Plaintiff to be covered by the Policy, the Court's ruling in Defendant's favor would dispose of both of Plaintiff's claims. (*Id.*)

Under Colorado law, the interpretation of an insurance policy is a question of law, and is therefore appropriate for summary judgment. *Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 501 (Colo. 2004). In construing a policy's terms, "[c]ourts should not rewrite insurance policy provisions that are clear and unambiguous." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 902 (10th Cir. 2006) (quoting *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo. 1999)). Mere disagreement between the parties regarding interpretation of the policy does not establish ambiguity. *Nat'l*

*Cas. Co. v. Great Sw. Fire Ins. Co.*, 833 P.2d 741, 746 (Colo. 1992).  However, if the language in an insurance policy is ambiguous or equivocal, it must be construed in favor of the insured and against the insurer.  *Houston*, 817 F.2d at 85.

Although Plaintiff resided in Garcia's home at the time of the accident, it is undisputed that Plaintiff herself was not the named insured on the Policy.  (ECF No. 32 at 3.)  Plaintiff has made no argument that she should be covered under the Policy through construing her mother as Garcia's spouse, as Gonzales and Garcia stated in their respective depositions that they were not married.  (*See* ECF No. 32 Exs. B & C.)  Plaintiff has also not argued that Gonzales and Garcia were common law spouses.  Plaintiff only claims coverage under the Policy through her own relationship with Garcia as his "resident relative."  (*See* ECF No. 39-1.)

Defendant urges the Court to begin and end its analysis with the question of whether Plaintiff is a "relative" under the terms of the Policy, a question it argues is easily answered in its favor under the "plain meaning" of the word.  (ECF No. 42 at 2-3.)  Because "Plaintiff concedes she is not related to Garcia by blood, marriage or adoption," Defendant argues that Plaintiff is not Garcia's "relative" under the ordinary meaning of the word.  (*Id.* at 3.)

While the term "relative" is not defined in the Policy itself, Colorado law provides the Court with guidance on the question of its definition.  Colorado insurance policies must provide uninsured and underinsured motorist coverage and must conform to Colorado's Uninsured Motorist ("UM") Statute.  Colo. Rev. Stat. § 10-4-609.  Colorado's UM Statute requires that an uninsured motorist policy "include coverage for damage for

4

bodily injury or death that an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle." *Id.* The term "insured" is defined in the Colorado Revised Statutes as including both the named insured and "relatives of the named insured who reside in the same household as the named insured." *Id.* at § 10-4-601(5). In turn, the term "resident relative" is defined as follows:

> "Resident relative" means a person who, at the time of the accident, is related by blood, marriage, or adoption to the named insured or resident spouse and who resides in the named insured's household, even if temporarily living elsewhere, and any **ward** or foster child who usually resides with the named insured, even if temporarily living elsewhere.

*Id.* at § 10-4-601(13) (emphasis added).[1]  Plaintiff acknowledges that the only one of these terms that could possibly apply to her is "ward." (*See* ECF No. 39 at 5-9.)

Plaintiff argues in her Response to the Motion that because the term "ward" is defined neither in the Policy nor in the UM Statute, it is an ambiguous term that should be construed liberally in her favor. ((ECF No. 39 at 5-9) (citing *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 84 (10th Cir. 1987); *Clayton v. Millers First Ins. Cos.*, 892 N.E. 2d 613 (Ill. App. 2008)). In *Houston*, the Tenth Circuit found that summary judgment was inappropriate where the term "ward" was in the language of the insurance policy, the definition was ambiguous, and questions of fact remained as to whether the plaintiff was a "ward" under a broad reading of the term. *Houston*, 817 F.2d at 84-86; *see also Clayton*, 892 N.E. 2d at 619-20 (citing *Houston* for the same proposition where the word

---

[1] Contradicting its position in the Motion, Defendant argues in its Reply that "[t]here is no statute or case law in Colorado that stands for the plaintiff's proposition that 'a UM/UIM policy must cover a 'ward.'" (ECF No. 42 at 4.)  Were the Court to adopt this argument, the Policy would run the risk of violating Colorado law, as it would not cover all "resident relatives" required by the UM statute. Colo. Rev. Stat. § 10-4-601(13).

"ward" appeared in the policy language).

Were the Policy here identical to that in *Houston*, the Court would follow that case's reasoning. However, Plaintiff's reliance on *Houston* and *Clayton* is misplaced because the Policy at issue does not include the word "ward." (*See* ECF No. 39-1.) The Policy here includes only the undefined term "resident relative," which the Court construes in compliance with Colorado statute. Because the term "ward" appears in the UM Statute rather than in the Policy, rules of statutory—as opposed to contract—construction apply to its interpretation.

The Court's responsibility in construing a Colorado statute is to effectuate the intent of the General Assembly in enacting it. *Kazadi v. People*, 291 P.3d 16, 20 (Colo. 2012); *Alvarado v. People*, 132 P.3d 1205, 1207 (Colo. 2006). "When the legislature defines a term in a statute, statutory construction requires that the term be given its statutory meaning, . . . and such definition is applicable to the term whenever it appears in the statute, except where contrary intention plainly appears." *R.E.N. v. City of Colorado Springs*, 823 P.2d 1359, 1364 (Colo. 1992) (citing C. Dallas Sands, *Statutes and Statutory Construction* § 27.02 (Norman J. Singer ed., 4th ed. 1985) (stating that "to ignore a definition section is to refuse to give legal effect to a part of the statutory law of the state," and such "internal legislative construction is of the highest value and prevails over . . . other extrinsic aids")); *see also Indus. Comm'n v. Nw. Mut. Life Ins. Co.*, 88 P.2d 560, 563 (Colo. 1939) ("That the legislature has the power to define terms used by it and that statutory definitions control judicial interpretation cannot be doubted.").

The Colorado Revised Statutes make clear that the definition of "related relative" under the UM Statute includes a "ward." Colo. Rev. Stat. §§ 10-4-601(13). While "ward" is not defined in the UM Statute, it is defined in the Colorado Probate Code, where "ward" is defined as "an individual for whom a guardian has been appointed." *Id.* at § 15-14-102(15). Plaintiff does not dispute that Garcia, the named insured, was never appointed as Plaintiff's guardian. (*See* ECF No. 39 at Ex. D p. 11, Ex. E p. 11.) Thus, the Court finds that under the statutory definition, as a matter of law, Plaintiff was not Garcia's ward, and therefore was not his resident relative. Because Plaintiff was not Garcia's resident relative, she is not an insured under the Policy.

As these findings defeat Plaintiff's claim for a declaration that she was covered under the terms of the Policy, as well as her claim for breach of contract under the same Policy, the Court finds that summary judgment is appropriate for Plaintiff's entire Amended Complaint.[2]

---

[2] In addition to a declaration that Plaintiff is covered under the Policy, Plaintiff's Amended Complaint also requested a declaration that Defendant is estopped from denying coverage to Plaintiff due to Allstate's actions in accepting insurance premiums from Gonzales, Plaintiff's mother, with knowledge that Gonzales "had an ownership interest in the vehicle and was its primary driver." (Am. Compl. ¶ 16.) However, neither the Motion (ECF No. 32) nor the Response (ECF No. 39) raise the estoppel claim. The failure to raise and fully develop these issues constitutes waiver. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Additionally, in light of the Court's finding that the clear terms of the Policy, construed in accordance with Colorado law, exclude Plaintiff from coverage, a full analysis of Plaintiff's estoppel claim is not required. The Colorado Supreme Court has held that the doctrines of waiver and estoppel will not, based upon the insurer's conduct, create coverage where none exists under the clear terms of the insurance policy. *See Sellers v. Allstate Ins. Co.*, 82 F.3d 350, 353 (10th Cir. 1996); *W. Ins. Co. v. Cimarron Pipe Line Const., Inc.*, 748 F.2d 1397, 1399 (10th Cir. 1984); *Empire Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 764 P.2d 1191, 1198 (Colo. 1988) (quoting *Hartford Live Stock Ins. Co. v. Phillips*, 372 P.2d 740, 742 (Colo. 1962)).

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby ORDERS as follows:

1. Defendant's Motion for Summary Judgment (ECF No. 32) is GRANTED on all claims; and

2. The Clerk shall enter judgment for Defendant.  Both parties shall bear their own costs.

Dated this 31st day of January, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge